447 So.2d 54 (1984)
STATE of Louisiana
v.
Oliver A. WALKER.
Nos. 83 KA 1020, 83 KA 1021.
Court of Appeal of Louisiana, First Circuit.
February 28, 1984.
*55 Ossie Brown, Dist. Atty. by Glen Petersen, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Johnny Wellons, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal by defendant of his conviction of simple robbery.
Defendant, Oliver A. Walker, was charged by bill of information with armed robbery, a violation of La.R.S. 14:64. The jury returned a responsive verdict of guilty to simple robbery, and, after a hearing in which defendant was adjudicated a second habitual felony offender, he was sentenced to serve five years at hard labor. He has appealed, alleging that:
1. The trial court erred in denying a motion for a post judgment verdict of acquittal because the state failed to prove specific intent.
2. There is insufficient evidence to support the verdict.
3. The trial court erred in denying the motion for a post judgment verdict of acquittal on the grounds that the State failed to prove defendant participated in the crime.
Defendant was charged with the armed robbery of a Vietnamese native who had asked defendant for directions to a place where he could buy beer. The victim and a companion followed in their car behind defendant, who drove to a deserted area, stopped his car, pulled a knife and robbed the victim of his cash and some jewelry before driving off. The victims immediately called the police and gave the officers a report at the scene. A short time later, the victims spotted the car defendant had been driving and alerted police officers, who were still in the area. The police followed defendant to his mother's house where he was arrested.

ASSIGNMENTS OF ERROR ONE, TWO AND THREE:
Although defendant argues each issue separately, all of his assignments of error are concerned with the sufficiency of the evidence to support the verdict. When reviewing the sufficiency of the evidence, the appellate court must review under the standard of La.C.Cr.P. art. 821 regardless of whether the question is raised as a motion for a post verdict judgment of acquittal or as an assignment of error from a holding of the trier of fact. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La. App. 1st Cir.1983); Joseph, Developments in the Law, 1982-1983: Post Conviction Procedure, 44 LLR 480 (1983). The standard established by La.C.Cr.P. art. 821 is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821; Korman, 439 So.2d at 1100. The victim testified at the trial and positively identified defendant as the man who had robbed him. Viewed in the light most favorable to the prosecution, a rational juror could have determined that the defendant committed the crime and that he had the requisite specific intent. We find no error in the trial court's denial of post verdict judgment of acquittal under La.C.Cr.P. art. 821.
For the foregoing reasons we affirm the conviction and sentence.
AFFIRMED.