453 So.2d 625 (1984)
STATE of Louisiana
v.
Rujan STERLING.
No. KA 84 0161.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*627 Ossie Brown, Dist. Atty. by Joseph N. Lotwick, Luke Lavergne, Asst. Dist. Attys., Baton Rouge, for plaintiff-appellee.
Anne L. Jordan, Appellate Counsel, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COLE, Judge.
Rujan Sterling was charged by bill of information with committing armed robbery in violation of La.R.S. 14:64. Following a jury trial, he was found guilty and sentenced to fifteen years imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Defendant now appeals both his conviction and sentence.
The victim of the armed robbery was accosted by two men as he left a poolhall during the early morning hours of March 2, 1983. One of the men held a small caliber gun on the victim and told him it was a robbery, while the other man searched through the victim's pockets removing various valuables, including his wallet. A police officer driving by observed the incident and gave chase to the two men, who fled on foot. The officer saw one of the men tumble over a fence which obstructed his path and fall to the other side. In the presence of the victim, the officer found a wallet containing defendant's driver's license near the spot where he had observed the man fall. Both suspects eluded arrest at that time. However, defendant was subsequently arrested, orally advised of his *628 rights and transported to police headquarters for processing. During transport, he confessed to the armed robbery. On appeal defendant relies upon six assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant argues the trial court erred in denying his motion for a mistrial, which was based upon the contention black women were systematically excluded from the jury by the state's use of peremptory challenges.
A defendant is not denied equal protection when the state exercises its peremptory challenges to exclude black persons in a particular case, unless there has been a systematic exclusion of them over a period of time. The defendant must establish a prima facie showing of such systematic exclusion before the state is required to show the exercise of its peremptory challenges was not discriminatory. Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); State v. Brown, 371 So.2d 751 (La.1979), rehearing denied 1979.
Defendant has failed to meet this burden. He relies primarily upon the fact four of the state's five peremptory challenges excluded black women and has produced no evidence of a history of systematic exclusion. Additionally, it is undisputed one black male served on the jury.
Defendant also argues the manner in which the state exercised its peremptory challenges violated his Sixth Amendment rights. The Sixth Amendment guarantees a criminal defendant the right to an impartial jury selected from a group representing a fair cross-section of the community. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). In Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979), the Supreme Court stated:
"In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a `distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." (Emphasis added.) 439 U.S. at 364, 99 S.Ct. at 668.
Defendant has failed to demonstrate any violation of this Sixth Amendment right. He does not contend the jury venire failed to represent a fair cross-section of the community, but rather that the state deprived him of this right by using its peremptory challenges to exclude black women from the petit jury. However, the Supreme Court cases defining this Sixth Amendment right have only applied it to jury venires, panels or pools and have never extended application of the fair cross-section requirement to petit juries in the manner suggested by defendant.[1] In fact, the court in Taylor v. Louisiana, supra, specifically held a criminal defendant is not entitled to a jury of any particular composition and the petit jury actually chosen need not mirror the community. Additionally, defendant has not made any showing of a systematic exclusion of blacks by the state.[2]
This assignment of error lacks merit.

*629 ASSIGNMENT OF ERROR NUMBER FOUR
Defendant argues an inculpatory statement and confession made by him were the result of impermissible inducements or promises by the police and thus was not freely and voluntarily given.
Detective E. Hill, one of defendant's arresting officers, was the only witness who testified as to the circumstances surrounding this inculpatory statement and confession. He testified as follows: Defendant was orally advised of his rights at the time of his arrest. Although defendant indicated he understood these rights and appeared to do so, he nevertheless chose to make an unsolicited oral statement while enroute to police headquarters. Defendant was not interrogated prior to giving this statement, the substance of which was that he was not going to take the rap alone. Once at police headquarters defendant was given a written form listing his rights, which Detective Hill read and explained to him. After once again indicating he understood his rights, defendant signed a waiver of rights form and gave officers a handwritten statement confessing to the crime charged.
Detective Hill testified he made no promises to defendant to induce or influence defendant to make a statement. Although he advised defendant he would inform the district attorney's office of any information given by defendant on other cases, he made no promises regarding possible leniency or a charge reduction. Detective Hill told defendant the district attorney's office would determine what weight to attach to any such information.
Before a confession or inculpatory statement may be admitted in evidence, the state must prove affirmatively and beyond a reasonable doubt it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La.R.S. 15:451; State v. Odds, 430 So.2d 1269 (La. App. 1st Cir.1983). A confession is considered involuntary as a matter of constitutional law if it is obtained by "any direct or implied promises, however slight, [or] by the exertion of any improper influence." Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897). However, Detective Hill's statement that he would inform the district attorney's office of any information supplied by defendant on other cases, does not constitute an inducement sufficient to vitiate the free and voluntary nature of defendant's confession. See State v. Jackson, 414 So.2d 310 (La.1982); State v. Vernon, 385 So.2d 200 (La.1980), rehearing denied 1980. Moreover, the trier of fact's decision as to the voluntary nature of a confession is entitled to great weight and will not be overturned on appeal unless it is not supported by the evidence. See State v. Odds, supra.
Finding the trier of fact did not err in concluding the state had borne its burden of proving the free and voluntary nature of defendant's confession and inculpatory statement, we reject this assignment of error.

ASSIGNMENTS OF ERROR NUMBERS 2 AND 3
Defense counsel contends the trial court improperly restricted her cross examination of Detective Hill. Defense counsel attempted to elicit Detective Hill's opinion as to the relative importance of this case as compared to that of the other cases for which defendant supplied information. The trial court sustained the state's objection to this line of questioning.
A witness generally may not testify as to any impression or opinion he may have unless he is qualified as an expert. La.R.S. 15:463; La.R.S. 15:464. Before a witness can testify as an expert, the trial court must be satisfied as to his competence. La.R.S. 15:466.
Defense counsel admits her questions called for an opinion from Detective Hill, but argues in brief his eleven years of service as a police officer qualified him to answer. However, defense counsel made no attempt at trial to qualify Detective Hill as an expert. See State v. Shea, 421 So.2d *630 200 (La.1982), on rehearing, cert. granted, ___ S.Ct. ___, 104 S.Ct. 2167, 80 L.Ed.2d 551 (1984). We find no error in the trial court's ruling. In any event, Detective Hill testified previously as to the number and nature of the other crimes about which defendant had provided information. Since the trier of fact could draw its own inferences from this testimony, the trial court's ruling was harmless.
These assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER FIVE
Defendant argues the evidence presented was legally insufficient to convict him of armed robbery. He argues the state did not prove beyond a reasonable doubt that the robbery was committed with a dangerous weapon or that he possessed the specific intent required to commit the offense. The standard for reviewing sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the essential elements of the crime were proven beyond a reasonable doubt. See La.Code Crim.P. art. 821; State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984).
It is true the state did not introduce a weapon in evidence at trial. However, the victim testified one of his assailants held a gun on him as the other assailant went through his pockets. Additionally, defendant admitted in his confession a gun was used to commit the robbery.
The state need not introduce in evidence the gun used during the commission of an armed robbery. The victim's testimony can sufficiently establish a robbery was committed with a dangerous weapon. See State v. Rash, 444 So.2d 1204 (La.1984), rehearing denied (1984). Thus, we find the evidence sufficient to support the jury's determination that the robbery was committed with a dangerous weapon.
However, defendant also maintains the evidence was insufficient to establish the existence of specific intent. At the time of defendant's arrest the police seized an inoperable gun from him. Defendant argues he lacked specific intent to commit an armed robbery because he knew the gun would not operate. This argument is without merit.
First, the reason the inoperable gun seized from defendant was not introduced in evidence was that it was not seized until the day after the crime was committed, therefore it could not be sufficiently connected with the crime. Thus, it is not even clear this gun was the one used in the robbery. Second, if this gun was the one involved in the robbery, it was used in a manner calculated or likely to produce death or great bodily harm. It would be considered a dangerous weapon within the meaning of La.R.S. 14:64 because of the manner in which it was used. See La.R.S. 14:2(3); State v. Green, 409 So.2d 563 (La. 1982). The determinative issue is therefore not whether defendant knew the gun was inoperative, but whether he intentionally used it in a manner calculated or likely to produce death or great bodily harm. The highly charged atmosphere at the scene of a gun-robbery is conducive to violence, whether the gun is loaded, workable or unworkable. Danger invites rescue. It also invites self-help. State v. Levi, 259 La. 591, 250 So.2d 751, 753 (1971), rehearing denied 1971.
Intent is a state of mind which need not be proven as a fact, but may be inferred from the facts and circumstances of a transaction and the actions of the defendant. La.R.S. 15:445. To possess specific intent an offender must actively desire the prescribed criminal consequences to follow his act or failure to act. La.R.S. 14:10(1). The existence of specific intent is an ultimate legal conclusion to be resolved by the trier of fact. State v. Graham, 420 So.2d 1126 (La.1982).
Viewing the evidence in the light most favorable to the state, we find the evidence sufficient to support the jury's determination that defendant possessed specific intent to commit armed robbery *631 with a "dangerous weapon" within the meaning of La.R.S. 14:64.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER SIX
In his final assignment of error defendant argues his sentence is excessive.
A trial judge has wide discretion in imposing a sentence within statutory limits. The sentence imposed will not be set aside as excessive in the absence of a manifest abuse of discretion.
The trial court adequately considered the sentencing guidelines set forth by La.Code Crim.P. art. 894.1 in particularizing the sentence to defendant. Particularly noteworthy is defendant's status as a second felony offender whose previous opportunity for supervised probation was resolved unsatisfactorily. Additionally, the trial court was aware of the mitigating factors defendant alleges were present, since defense counsel was given an opportunity to apprise the court of such prior to the imposition of sentence. Accordingly, we find no abuse of discretion in the sentence imposed.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Justices Marshall and Brennan are of the opinion that the state's use of peremptory challenges to exclude blacks from a petit jury may constitute a denial of a defendant's Sixth Amendment right to a jury drawn from a fair cross-section of the community. See dissent from denial of certiorari in McCray v. New York, ___ U.S. ___, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983). The majority of the court has thus far not joined in this view.
[2] We pretermit consideration of whether black women constitute a "distinctive" group in the community, one of the enumerated requirements of Duren to establish a prima facie violation of the fair cross-section rule. The unique approach by defendant in this regard does not overcome his failure to satisfy the other requirements of Duren.