JOHN S. COVINGTON, Judge.
Tyrone Williams was tried by a jury for the offense of armed robbery which unanimously returned a responsive verdict of attempted armed robbery, in violation of La.R.S. 14:64 and 14:27. Before sentencing, defendant filed motions in arrest of judgment and for a new trial. The trial court denied the motion for a new trial. Treating the motion in arrest of judgment as a motion for post verdict judgment of acquittal, the trial court granted such motion, modifying the jury’s verdict by rendering a judgment of conviction on the lesser responsive offense of simple robbery (La.R.S. 14:65). See La.C.Cr.P. articles 821 C and 814 A(22).
The state applied for supervisory writs, which this Court granted, ordering the trial court to reinstate the jury’s verdict of attempted armed robbery. Defendant then applied for writs of certiorari or review to the Louisiana Supreme Court. On June 7, 1985, 470 So.2d 116, the Supreme Court granted the writ and remanded this matter to this Court for briefing and opinion.
The sole issue before this Court is whether or not the trial court’s replacing the jury verdict of attempted armed robbery with the lesser responsive verdict of simple robbery is an abuse of the limited discretion allowed to the trial court under La.C.Cr.P. art. 821.
FACTS:
During the afternoon of January 10, 1983, Mrs. Marie Moschitta went to the Guaranty Bank in Hammond, Louisiana, to make a deposit for the grocery store where she is employed, Hammond French Market. As she was about to enter Guaranty Bank, defendant came up to her and held open a bank bag so that Mrs. Moschitta could see a pistol. Following defendant’s instruc *606 tions, Mrs. Moschitta handed him the deposit bag containing approximately $2800.00 in cash and $400.00 worth of food stamps and receipts, and walked into the bank without looking back.
Defendant was arrested on January 27, 1983, in the parking lot of the same Guaranty Bank. A black toy pistol was found in his car. He made a statement, confessing to the robbery of Mrs. Moschitta with a pistol.[1] Afterwards, he led the police to a wooded area where checks and food stamps, items of Mrs. Moschitta’s deposit, were scattered about.
Defendant’s statement is not abundantly clear as to whether he robbed Mrs. Mos-chitta with a toy or real pistol.
The standard for reviewing sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude the essential elements of the crime were proven beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984).
The trial court ruled no trier of fact could have concluded that the robbery was committed with a dangerous weapon because the state failed to show beyond a reasonable doubt that a real rather than a toy pistol was used. All the other elements, the trial court agreed, were so proven; thus, we must determine whether the jury as a rational trier of fact could have found, beyond a reasonable doubt, that the robbery was perpetrated with a dangerous weapon.
The state argues that defendant’s statement, which was admitted at trial, supports a conclusion that a real pistol was used. In the alternative, the state claims that the dangerous weapon element was still proven even if the pistol shown to Mrs. Moschitta had been a toy. Defendant contends that the pistol used was a toy and that it had not been used in a dangerous manner.
Defendant’s statement concerning the use of a pistol is confusing. But this confusion apparently is the result of defendant’s particularity with the use of verbs. For the robbery of Mrs. Moschitta, defendant did not admit to having or using a pistol. He only admitted that he showed her a pistol, which is corroborated by the testimony of Mrs. Moschitta. He further admitted that he obtained the toy pistol from his nephew the day of his arrest. This statement can reasonably lead to a conclusion that another pistol, rather than the toy pistol, was used in robbing Mrs. Moschitta approximately two weeks before his arrest.
We have no way of knowing if the jury believed the pistol used was a real one or a toy. We believe, however, that such a determination is not needed to resolve the issue presented in this case.
In the oral reasons for modifying the jury’s verdict, the trial court did not give any opinion as to the manner in which the weapon was used, but only that reasonable minds should have concluded that a toy rather than a real pistol was used in the robbery. We believe the trial court ruled that, as a matter of law, a toy pistol cannot be considered a dangerous weapon when used in the perpetration of a robbery. Such a ruling is incorrect.
In State v. Green, 409 So.2d 563 (La.1982), the Louisiana Supreme Court held that a toy pistol can be a dangerous weap *607 on for purposes of committing armed robbery.[2]
The court stated that, “The use of an inherently harmless object in a manner that creates circumstances likely to produce death or great bodily harm results in the inherently harmless object (emphasis in original text) being a dangerous weapon within the provisions of LSA-R.S. 14:2(3) and 14:64.” [Citations omitted] State v. Green, supra at 565. See also State v. Sterling, 453 So.2d 625 (La.App. 1st Cir.1984).
The inquiry should focus on the manner in which defendant used the pistol. For the pistol to be considered a dangerous weapon, the victim (Mrs. Moschitta) must have believed the pistol was real and must have been placed in fear of bodily harm by defendant’s display of the weapon. See State v. Green, supra. Such a situation would have created a highly charged atmosphere, conducive to violence, whether the pistol was loaded, workable or unworkable, or simply a toy. See State v. Green, supra; State v. Sterling, supra.
Mrs. Moschitta testified that she saw defendant display a pistol; and her testimony certainly indicates that, as a result, she was placed in fear of bodily harm. However, there must be an inquiry as to whether Mrs. Moschitta’s fears were reasonable.
From a review of Louisiana jurisprudence, we discern a victim’s fear that a dangerous weapon was used in a robbery must be based on three criteria:
I. An object was used in a manner which led the victim to believe it was a weapon. See State v. Talbert, 416 So.2d 68 (La.1982); and State v. Smith, 450 So.2d 714 (La.App. 4th Cir.1984), where the court held that just a hand in a pocket cannot be considered a dangerous weapon.
II. The victim perceived the object through one of his senses. See State v. Talbert, supra and State v. Mitchell, 442 So.2d 806 (La.App. 4th Cir.1983), writ denied, 445 So.2d 743 (La.1984).
III.The fear that the situation was dangerous was reasonable under the circumstances. See State v. Byrd, 385 So.2d 248 (La.1980), limited by State v. Jones, 426 So.2d 1323 (La.1983), where such a fear was held not to be reasonable.
We believe that, under these criteria, Mrs. Moschitta’s fears were reasonable. Defendant deliberately displayed the pistol to her in a way which, after she saw it, led her to believe the pistol was real. Her belief that the situation was dangerous was justified, since she was carrying a large sum of money when a man stopped her, displayed a pistol and demanded that she hand over the money.
Because defendant’s displaying of a pistol to Mrs. Moschitta created circumstances likely to produce death or great bodily harm, i.e. where the danger invited rescue or self help, State v. Sterling, supra, we believe the jury as trier of fact could have reasonably found the state proved beyond a reasonable doubt that the robbery was committed with a dangerous weapon, regardless of whether the pistol displayed by defendant was real or a toy. Consequently, the trial court’s modification of the jury’s verdict is reversed.
This matter is remanded to the trial court for reinstatement of the jury’s verdict of guilty of attempted armed robbery.
REVERSED AND REMANDED.

. The arrest was made in response to the follow up on a call from Guaranty Bank that a suspicious looking male was seen around the parking lot. The police set up surveillance. The suspect finally put on a ski mask and was about to get out of his car, but changed his mind and was driving out of the lot when the police stopped him.
The police made a search of the open area within defendant’s car and discovered the type of clothing worn by the robber of Mrs. Moschit-ta and the toy pistol. Additionally, the police remembered that a ski mask had been worn by the robber of Donna Lamartiniere on January 25, 1983, which occurred at the same bank.
Defendant also confessed to the January 25th robbery and of his intent to commit another robbery on the day of his arrest. Evidence of these crimes was excluded from trial.

. We note that La.R.S. 14:64.1 (added by Acts 1983, No. 533, Sec. 1) is not applicable herein since it was not in effect at the time of commission of the instant offense. It creates the crime of first degree robbery "when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.”