502 So.2d 281 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph LANDRY, Defendant-Appellant.
No. CR86-753.
Court of Appeal of Louisiana, Third Circuit.
February 4, 1987.
*284 Julie E. Cullen, Opelousas, for defendant-appellant.
Morgan Goudeau, Dist. Atty. and Donald Richard, Asst. Dist. Atty., Opelousas, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and KNOLL, JJ.
KNOLL, Judge.
Joseph Landry was convicted by a jury of simple arson with damages amounting to $500 or more, a violation of LSA-R.S. 14:52. After a pre-sentence investigation, the sentencing judge ordered defendant to serve nine years at hard labor.
Defendant argues that the trial court erred: (1) in finding the State presented sufficient evidence to support a conviction of simple arson; (2) in its determination that defendant's statement to law enforcement officials was made freely and voluntarily, and was not based on the promise of leniency; (3) in its denial of defendant's motion for a mistrial when a police officer made reference at trial to the arrest and incarceration of defendant on an "unrelated charge"; (4) in its denial of defendant's motion for a mistrial when a State witness testified that defendant refused to give a statement to law enforcement officers; (5) in allowing Antonia Leday, defendant's estranged wife, to testify that defendant was "always making threats against me"; (6) in denying defendant's motion for a mistrial when a police officer testified in reference to defendant taking a polygraph test; and (7) in imposing an excessive sentence. We affirm.

FACTS
Joseph and Antonia Landry were legally separated. Antonia Landry and their two year old daughter resided in one apartment of a two story duplex in rural Swords, Louisiana which was owned by her father. On November 15, 1984, the duplex burned to the ground around 9:30 p.m. Earlier in the day defendant and his estranged wife had a heated discussion in the parking lot of Popeye's in Lafayette. Minutes before discovering the fire the next door neighbor noticed a brown Thunderbird parked across *285 the street and a black man walking away from the building. When the neighbor heard the car drive away she looked out of the window and saw flames coming from the adjoining apartment. The owners of the duplex testified that they saw the defendant drive by in a brown Thunderbird while the fire was blazing. Although defendant's father testified that his car (a brown Thunderbird) had not been used that night, police investigation revealed that the hood was still warm around midnight. Defendant testified that he was in Lafayette at the time of the fire, however, this fact could not be substantiated with certainty at the trial. The fire caused a total financial loss of $84,000.

SUFFICIENCY OF EVIDENCE
Defendant's contention that the evidence was insufficient to convict him was neither briefed nor argued and is therefore considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982).

ADMISSION OF CONFESSION
Defendant contends that the trial court erred when it allowed a written confession to be admitted into evidence. Defendant specifically contends that the statement was not made freely and voluntarily and was based upon promises made by a police officer. The State asserts that any "promises" by the officer to make recommendations to the district attorney and/or judge were not sufficient to constitute an inducement which would render the confession inadmissible.
Confessions obtained by any direct or implied promises or by the exertion of improper influence are involuntary and inadmissible as a matter of constitutional law. Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); Hutto v. Ross, 429 U.S. 28, 97 S.Ct. 202, 50 L.Ed.2d 194 (1976).
In Louisiana the statutorily mandated test for voluntariness is not whether a confession was induced by improper external forces but whether the confession was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451. The State has the burden of affirmatively proving that a confession was not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises and must prove beyond a reasonable doubt that a confession was free and voluntary. R.S. 15:451. The admissibility of a confession is in the first instance a question for the trial judge. His conclusion on the credibility and weight of testimony relating to the voluntariness of a confession for the purpose of admissibility will not be overturned on appeal unless it is not supported by the evidence. State v. Jackson, 381 So.2d 485 (La.1980). Whenever the defendant alleges police misconduct in eliciting a confession, it is incumbent upon the State to rebut these allegations specifically. State v. Welch, 448 So.2d 705 (La.App. 1st Cir.1984), writ denied, 450 So.2d 952 (La. 1984). Furthermore, when a ruling on a motion to suppress a confession or statement is adverse to the defendant, prior to presenting the confession or statement to the jury the State must introduce evidence concerning the circumstances surrounding the making of the confession or statement for the purpose of enabling the jury to determine the weight to be given the confession or statement. LSA-C.Cr.P. Art. 703(G).
Two persons questioned defendant after arrest. Officer Clifford Moore arrested defendant and advised him of his rights. Detective Moore testified that he advised defendant that he would make recommendations for him to the district attorney if defendant cooperated and gave a statement. Defendant then made a written confession to Idal Guillot, a Deputy State Fire Marshall. To the contrary, defendant testified that Detective Moore indicated to him that "if I wouldn't said I did it he was going to take the key and throw it away on me. He said within two hours I could've got out of jail. Him and the judge was good and he could get things to where I *286 could get out of jail." Defendant contends such "promises" induced him to give the confession. We disagree.
The record reveals that defendant was advised of his Miranda rights prior to giving his confession. Detective Moore and Deputy Fire Marshall Guillot testified to the circumstances surrounding the confession, and squarely denied defendant's testimony that they made certain promises to induce the confession. Furthermore, the alleged promises themselves were not sufficient inducement to vitiate the free and voluntary nature of the confession. See State v. Vernon, 385 So.2d 200 (La.1980); State v. Sterling, 453 So.2d 625 (La.App. 1st Cir.1984); State v. Odds, 430 So.2d 1269 (La.App. 1st Cir.1983).
We find no error in the trial court overruling the motion to suppress defendant's confession. In resolving this issue questions of fact and credibility were presented and the record fully supports the trial court's determination.

REFERENCE TO DEFENDANT'S ARREST AND INCARCERATION ON UNRELATED CHARGE
Defendant contends that the trial court erred when it denied defendant's motion for a mistrial when a police officer made reference to an arrest and incarceration of defendant on an unrelated charge. We disagree.
In response to questioning by defense counsel, Officer Idal Guillot made the following remark:
"Q. And in fact, he had been in jail for some five days by the time this statement was given is that right?
A. I think you might be in error. I think he was under arrest on an unrelated charge, if my memory serves me right. I don't think he had been arrested for this arson prior to that statement."
A mistrial is a drastic remedy and absent a showing of substantial prejudice depriving the defendant of a fair trial it is unwarranted. State v. Williams, 447 So.2d 495 (La.App. 3rd Cir.1984), writ denied, 450 So.2d 969 (La.1984). It has been held that unsolicited and unresponsive testimony is not chargable against the State to provide a ground for reversal of a conviction. State v. Jackson, 396 So.2d 1291 (La.1981).
In State v. Henry, 461 So.2d 484 (La. App. 3rd Cir.1984), writ denied, 464 So.2d 313 (La.1985), we addressed a similar question as follows:

"We note first that the requirements of LSA-C.Cr.P. art 770 are not applicable to the comments to Deputy Arceneaux. Article 770 requires a mistrial in the event that a remark referring to another crime committed or alleged to have been committed by the defendant is made within the hearing of the jury by the judge, district attorney or a court official. The Louisiana Supreme Court has held that a policeman is not a court official within the meaning of the article and a mistrial is not required, but that the proper remedy would be an admonition to the jury. State v Hayes, 414 So.2d 717 (La.1982). When a remark regarding prior crimes is made by someone other than a judge, district attorney or court official, an admonition is required under LSA-C. Cr.P. art. 771; however, in order to trigger the need for such an admonition the remark must be an unambiguous reference to crimes alleged to have been committed by the defendant."

See also, State v. Watson 449 So.2d 1321 (La.1984); State v. Williams, supra.
In the present case, the defense counsel elicited the alleged prejudicial remarks from the witness. The witness showed no intention to prejudice defendant by his statement, but rather, was attempting to clarify his answer in response to defense counsel's inaccurate summary of his statement. The record reflects that the trial judge properly admonished the jury to disregard the officer's reference to defendant's incarceration on an unrelated charge.
*287 The record does not show that defendant suffered any undue prejudice by the officer's remark and likewise the record does not show that the trial court abused its discretion in denying defendant's motion for a mistrial. The admonition by the court was sufficient to cure any prejudice which the remark might have created and to assure defendant a fair trial.

DEFENDANT'S REFUSAL TO GIVE STATEMENT
Defendant contends the trial court erred when it denied his motion for a mistrial when a witness for the State testified that defendant refused to give a statement to the police when he was initially questioned.
During cross-examination by defense counsel, Officer Guillot testified as follows:
"Q. Were you present at all times whenever Clifford Moore was talking to Joseph Landry in connection with the fire that occurred at the house?
A. If I recall correctly, Mr. Moore talked to Mr. Landry quite a bit earlier. I think he had refused to give a statement to that effect or something, I don't recall."
Defense counsel then moved for a mistrial, which the court denied. Upon request by defense counsel, the court then admonished the jury to disregard any testimony indicating that defendant refused to talk to officers about the case.
Defendant argues that under the Fifth Amendment to the U.S. Constitution and under Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), no adverse inference may be drawn from an accused's exercise of his right to remain silent and his refusal to make a statement. Defendant argues that the statement by Officer Guillot constitutes reversible error since it was prejudicially ambiguous and because inappropriate inferences could have resulted from it, thus denying defendant his Fifth Amendment privilege against self-incrimination.
It was within the trial court's discretion to either admonish the jury or to grant a mistrial if it believed it was the only way to insure a fair trial. LSA-C. Cr.P. Art. 771. It is well settled that the State may not use, for impeachment purposes, evidence of an accused's post-arrest and post-Miranda warnings silence. Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 48 L.Ed.2d 91 (1976). In addition, it is reversible error for the prosecution to use evidence of an accused's silence at the time of arrest or after arrest because of its highly prejudicial nature and its lack of probative value. United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975); State v. Montoya, 340 So.2d 557 (La.1976).
Defendant cites the case of State v. Smith, 336 So.2d 867 (La.1976), as requiring the statement made by Officer Guillot to constitute reversible error. In Smith, the State, during direct examination questioned a police officer and included in its question a reference to the officer's testimony that the accused "refused to give a statement". Even with this strongly suggestive statement, the court held that, although it was an error for the State to comment on defendant's refusal to give a statement, a mistrial was not warranted because the trial as a whole was fairly conducted, the proof of defendant's guilt was strong, and the State made no use for impeachment purposes of defendant's silence appeared in the record.
In State v. Kersey, 406 So.2d 555 (La. 1981), the State, in its closing argument, referred to defendant's post-arrest silence by specifically asking an arresting officer if defendant had asserted his right to remain silent. The court ruled that a mistrial was not warranted because the State's remarks did not intend to call the jury's attention to it or make any inappropriate references.
In both Smith and Kersey, supra, the State, not the defense counsel, elicited the prejudicial statements. Additionally, the statements in those two cases more strongly emphasized defendant's refusal to make a statement than the statement at *288 issue in this case. Although the potential for prejudicial impact was greater, in both cases, the court held that a mistrial was not warranted. In the present case, defense counsel elicited the remark. The statement was not referred to by the State for any purpose, neither at the time of the statement, nor thereafter. The statement was not offered by the officer to prejudice defendant but was intended to clarify a time sequence on which defense counsel was questioning him. Additionally, any prejudicial impact was effectively reduced by the admonition to the jury by the trial judge. Unsolicited and unresponsive testimony is not chargable against the State to provide a ground for reversal of a conviction. State v. Jackson, supra. For the foregoing reasons, the motion for mistrial was properly denied. This assignment of error is without merit.

RES GESTAE
Defendant contends that the trial court erred when it allowed defendant's wife to testify that defendant was "always making threats against (her)." Defendant argues that the State failed to give notice of the introduction of other crimes evidence as required by State v. Prieur, 277 So.2d 126 (La.1973). The State argues that the statement constitutes res gestae and is admissible as an exception to the Prieur notice requirement, and that the trial court erroneously held that the husband-wife privilege applied.
At the trial, the State called Ms. Leday as a witness. She testified that she and her daughter had been in Lafayette at 4:00 p.m. on the afternoon of the fire. While stopped at a fast-food restaurant, the defendant saw her and attempted to speak to her. At this time they were still married, but had been physically separated. Before the State could question Ms. Leday further about the contents of the conversation, defense counsel objected and invoked the husband-wife privilege under LSA-R.S. 15:461. The court ruled that the privilege applied and then told Ms. Leday that she could not testify about what defendant said to her on the day in question. The State continued questioning Ms. Leday and the following testimony occurred:
"Q. How had relations been between you and your husband in the month prior to the fire?
A. To the fire?
Q. Yes.
A. Very bad. He was always making threats against me and"
At this point, defense counsel objected. Without explanation the court overruled the objection.
In State v. Prieur, supra, the Supreme Court held that in order for the State to introduce evidence of other crimes of a defendant in order to show system, knowledge or intent, it must furnish defendant before trial a written statement of the acts it intends to offer.
LSA-R.S. 15:447 defines res gestae as:
"[E]vents speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
Furthermore, LSA-R.S. 15:448 provides:
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
Evidence of offenses which are part of the res gestae or convictions used to impeach a defendant's testimony are exceptions to the Prieur notice requirements. State v. Prieur, supra.
Prieur notice is required when the State intends to introduce evidence of other crimes committed by the defendant. Even if the Prieur notice is complied with only evidence of conviction of a crime is admissible; not arrests, indictments, prosecutions or the possibility of arrest and prosecution. State v. Prieur, supra; LSA-R.S. *289 15:495. In this case the testimony complained of does not show a violation of a criminal statute. Accordingly, the State did not offer evidence of another crime and therefore was not required to give notice to defendant.
Furthermore defendant's statements to Ms. Leday were admissible as res gestae. Defendant's statements were part of a discussion which occurred a few hours before the arson and were circumstances and declarations which were "necessary incidents of the criminal act, or immediate concomitants to it, or form in conjunction with it one continuous transaction." R.S. 15:447, 448; State v. Billiot, 421 So.2d 864 (La.1982). The facts surrounding the conversation indicate defendant did not intend the conversation with his wife to be private. The conversation took place in a crowded parking lot while his wife remained in her car with their young child; people were passing by within hearing range. See State v. Bennett, 357 So.2d 1136 (La.1978). Therefore the trial court erred in finding the husband-wife privilege applicable. These statements were clearly admissible as res gestae events. See State v. Kimble, 375 So.2d 924 (La.1979). The reason no notice is required as to res gestae evidence is that for evidence of the other crime to so qualify, the other crime must be so closely connected that the indictment or information as to the instant crime is deemed to carry with it notice as to the other crimes as well. State v. Goza, 408 So.2d 1349 (La.1982). In this instance defendant should be deemed to have notice of the threats he made since the crime is so closely intertwined with it.
Since it was error for the trial court to prohibit the State to further question the witness on the testimony between the defendant and the witness on the day of the crime, the subsequent ruling by the trial court allowing similar testimony corrected the original ruling. Therefore, the court properly allowed the testimony of the witness regarding defendant's threats against her.

POLYGRAPH EXAM
Defendant contends that the trial court erred when it denied defendant's motion for a mistrial after a police officer made reference in testimony to a polygraph examination. We disagree.
Evidence of a polygraph examination or any reference thereto during trial is inadmissible in Louisiana. State v. Catanese, 368 So.2d 975 (La.1979); State v. Hocum, 456 So.2d 602 (La.1984). However, the fact that the witness made reference to a polygraph test does not warrant a mistrial where no evidence was introduced to show the test results or the circumstances surrounding the taking of the test. State v. Tonubbee, 420 So.2d 126 (La.1982), cert denied, 460 U.S. 1081, 103 St.Ct. 1768, 76 L.Ed.2d 342 (1983).
In the present case the testimony regarding the polygraph test did not indicate who took the polygraph nor were the test results introduced. The record clearly indicates the testimony regarding the test was the result of a witness' non-responsive answer. Moreover there has been no showing of bad faith on the part of the State by attempting to get this information into evidence. Accordingly, any error which might have occurred was harmless since no substantial right of the accused was affected. LSA-C.Cr.P. Art. 921. Therefore this assignment of error is without merit.

EXCESSIVENESS OF SENTENCE
Defendant contends that the sentence imposed is excessive and should be reduced.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition by law of excessive punishment. For a sentence to be excessive, the penalty must be so disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980). The sentencing court is given wide discretion in the imposition of sentences within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court's *290 discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).
The maximum sentence for simple arson is fifteen years imprisonment where the damage amounts to $500 or more. Defendant's sentence falls within the statutory limits. However, even a sentence which falls within the statutory limits may violate defendant's right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). The sentencing court's reasons for imposition of sentence are an important aid when we review a sentence for excessiveness. State v. Bourgeois, 406 So.2d 550 (La.1981). A sentence is deemed excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Calloway, 432 So.2d 1064 (La.App. 3rd Cir.1983). In addition, the sentencing court must view the circumstances surrounding the offense committed and should impose a sentence particularized to defendant's conduct. State v. Lanclos, 419 So.2d 475 (La. 1982).
After carefully reviewing the record, we find that the record supports the sentence. The sentencing court found that it was likely defendant would commit another crime and that a lesser sentence would deprecate the seriousness of the crime. The court also considered any mitigating circumstances, all of which were reflected in the pre-sentence investigation report. State v. Quebedeaux, 446 So.2d 1210 (La.1984). In view of the wide discretion granted a sentencing court in imposing its sentencing choice within statutory limits, we find the sentence imposed is appropriate for this particular defendant and is not so disproportionate to the crime committed as to shock our sense of justice.
In regard to defendant's sentence, the record reveals only that the sentence imposed was not rendered precisely in accordance with the statutory requirements in question. The penalty for simple arson is set forth in LSA-R.S. 14:52(B) as follows:
"B. Whoever commits the crime of simple arson, where the damage done amounts to five hundred dollars or more, shall be fined not more than fifteen thousand dollars and imprisoned at hard labor for not less than two years nor more than fifteen years."
The statute mandates both a fine and imprisonment. However, the sentence imposed failed to include a fine.
Our Supreme Court addressed this issue in State v. Jackson, 452 So.2d 682 (La.1984), as follows:

"However, when a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought appellate review."

Therefore, when a trial judge imposes a sentence without mentioning or imposing a fine mandated by statute, it is inappropriate for an appellate court to correct the sentence when the defendant alone seeks appellate review. Only the prosecutor can seek correction of the error, and this should be done by applying first to the trial court, subject to subsequent appellate review. See State v. Jimmerson, 432 So.2d 1093 (La.App. 3rd Cir.1983); State v. Jackson, supra; State v. Fraser, 484 So.2d 122 (La.1986). Since the State failed to complain of the sentence as being illegal due to its leniency, either in the trial court or on appeal, we are therefore precluded from remanding the case to correct the technically illegal sentence. State v. Jackson, supra.

DECREE
For the foregoing reasons, the conviction and sentence of defendant, Joseph Landry, are affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.