720 So.2d 735 (1998)
STATE of Louisiana
v.
John Steven McDOWELL, Defendant-Appellant.
No. CR98-391.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1998.
*736 Don M. Burkett, John W. Pickett, ADA, Many, for State.
Paula C. Marx, Lafayette, for John Steven McDowell.
Before THIBODEAUX, COOKS and WOODARD, JJ.
WOODARD, Judge.
John Steven McDowell, defendant, was convicted by a jury of attempted first degree robbery and was sentenced to serve twenty years at hard labor. He appeals, contending that his sentence was excessive, among other errors. We affirm.

FACTS
On or about February 15, 1992, the defendant and an unindicted participant approached a night watchman at Toledo Town in Many, Louisiana. The defendant had a ski mask on his head. He pointed a gun at the watchman's stomach. Because of a tip received by a confidential informant that the robbery was going to take place, a detective was at the store and shined a light into the defendant's eyes. The defendant ran and was lost in a wooded area. His cohort was apprehended and told the police that the defendant may be back at his (the partner's) house. The following day, the detective and another deputy went to that residence, where the defendant answered the door. He was placed under arrest.
On March 24, 1992, the defendant, John Stephen McDowell, was charged by bill of information with one count of attempted first degree robbery, a violation of La.R.S. 14:27 and 14:64.1. He was originally charged with attempted armed robbery, which was later amended to attempted first degree robbery. After a trial by jury, he was found guilty. On October 29, 1992, he was sentenced to serve twenty years at hard labor. After sentence was imposed, his defense counsel stated, "[W]e would orally move for an appeal of both conviction and sentence ..." However, there was no oral objection lodged to his sentence nor was a written motion to reconsider sentence filed. The defendant simply appealed his conviction and sentence, alleging three assignments of error. In an unpublished opinion, this court affirmed his conviction and found that he was precluded from seeking review of his sentence for failure to timely file a motion to reconsider. State v. McDowell, 625 So.2d 392 (La.App. 3 Cir.1993).
Thereafter, in response to a writ application filed by the defendant, this court remanded the case for an evidentiary hearing, stating the following:
From the record before this court, we are unable to determine if Relator's counsel was ineffective in failing to file a timely motion to reconsider sentence. Thus, Relator's case is remanded to the trial court for an evidentiary hearing on this claim.... At this hearing the trial court shall determine if counsel erred by failing to file a timely motion to reconsider sentence. If so, the trial court shall determine if Relator was prejudiced by this omission. If both prongs are answered in the affirmative, the trial court shall permit Relator the opportunity to file a motion to reconsider sentence within thirty days of the trial court's ruling and shall consider it as though it had been timely filed.
State v. McDowell, an unpublished writ bearing docket number 96-704 (La.App. 3 Cir. 1/2/97). After an evidentiary hearing on February 27, 1997, the trial court found that "the motion to reconsider your sentence was a fairly new thing and a lot of people got caught with that not knowing the time delays. And it was, although unfortunate, necessarily prejudicial to your ability to appeal." Thus, the trial court instructed defense counsel to forward a motion to reconsider sentence and/or a motion for out-of-time appeal. As of August 25, 1997, these motions had not been filed, and the defendant filed a "Motion to Substitute Counsel ..." on that basis. New counsel was appointed and a Motion to Reconsider Sentence was filed. The motion was denied without a hearing on November 14, 1997. After the trial court granted his Motion for Appeal on November 14, 1997, the defendant filed the present appeal, alleging three assignments of error.

ASSIGNMENTS OF ERROR
Defendant alleges the following assignments of error:

*737 1. The trial court erred in imposing an unconstitutionally excessive sentence.
2. The trial court erred in its failure to articulate for the record sufficient reasons to justify the sentence imposed.
3. The factors relied upon by the court as a basis for departing upward from the sentencing guidelines range are invalid and do not distinguish this case from the typical case.

LAW

ERRORS PATENT
Although a full error patent review was conducted on the defendant's original appeal, there was one error patent which was not recognized. The trial court did not impose the defendant's sentence without benefit of parole, probation or suspension of sentence even though such a restriction is mandated by La.R.S. 14:64.1. Thus, the defendant received an illegally lenient sentence. The issue of an illegally lenient sentence has been previously addressed by this court and resolved as follows:
[W]hen a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought appellate review.
State v. Hines, 95-111 (La.App. 3 Cir. 10/4/95); 663 So.2d 199, 201 writ denied, 95-2686 (La.2/9/96); 667 So.2d 528, citing State v. Jackson, 452 So.2d 682 (La.1984). The state in the case before this court has not complained of the lenient sentence; therefore, this court does not recognize it as an error patent.

ASSIGNMENTS OF ERROR
By these assignments, the defendant claims that the trial court erred in imposing an unconstitutionally excessive sentence, the trial court failed to articulate sufficient reasons for the sentence imposed, and the trial court relied upon invalid factors to depart upward from the sentencing guidelines' range. He also argues that the factors considered by the trial court do not distinguish the present case from the typical case. However, this court finds that the defendant's sentence is not reviewable because of defense counsel's failure to timely file a motion to reconsider sentence. In the order remanding the case for an evidentiary hearing, this court stated that upon a finding of ineffectiveness, "the trial court shall permit Relator the opportunity to file a motion to reconsider sentence within thirty days of the trial court's ruling and shall consider it as though it had been timely filed." As discussed earlier, although it did not make a clear finding of ineffectiveness, the trial court instructed defense counsel to file a "properly formatted motion to reconsider and/or a motion for out-of-time appeal following the ruling on that." The court did not give a time limit for filing the motions and neither motion had been filed as of August 25,1997. On that date, the defendant filed a pro se "Motion to Substitute Counsel ..." because his counsel had not complied with the trial court's instructions. New counsel was appointed on September 10, 1997 and a Motion to Reconsider Sentence was filed on November 11, 1997. The motion was denied without a hearing on November 14,1997.
Since the defendant's Motion to Reconsider Sentence was not filed within thirty days of the trial court's ruling upon remand, this court finds that the defendant failed to file a timely motion to reconsider sentence and is again precluded from seeking review of his sentence. Anticipating this possibility, defense counsel argues the following on appeal:
Regardless of whether or not the motion for reconsideration and motion for appeal of McDowell's sentence were made within 30 days of the evidentiary hearing in this matter, the interests of justice require that this court consider McDowell's claims before the court in connection with his sentence. There is a constitutional right in Louisiana to an appeal. McDowell has demonstrated his desire to appeal the sentence from the beginning. It is respectfully submitted that the failure of trial counsel to timely move to reconsider the sentence and file the motion to appeal as mandated in the evidentiary hearing ought not strip him of his right to appeal a *738 sentence which is excessive. There can be no strategic reason for a defendant's attorney to ignore the mandates on the remand herein. Thus, it must be that the failure of a trial attorney to do so constitutes ineffective assistance of counsel.
(Citations omitted). However, this court cannot make a determination of ineffectiveness on the present record since there is no evidence as to why defense counsel failed to file a motion to reconsider sentence within thirty days of the evidentiary hearing. Thus, the defendant's claim of ineffectiveness is reserved for post-conviction relief, where the trial court can order a full evidentiary hearing on the matter. State v. Burkhalter, 428 So.2d 449 (La.1983); State v. Seiss, 428 So.2d 444 (La.1983).
However, considering the procedural history of this case and the fact that this case does not fit squarely within the parameters of article 881.1 in which this court set the thirty-day time limit, this court will review the defendant's sentence despite the fact that the defendant did not file a Motion to Reconsider Sentence within thirty days.
As stated earlier, he received a sentence of twenty years at hard labor, the maximum term of imprisonment for attempted first degree robbery. However, the trial court did not impose this sentence without benefit of probation, parole or suspension of sentence, as required by the penalty provision for first degree robbery. The court gave the following reasons in support of the sentence imposed:
The defendant is a 44-year old white male who is classified as a fifth felony offender dating back to his time in the military in 1969. Even so, the defendant apparently has not served any length of time in a penal institution. The sentencing guidelines report classify the defendant as grid cell 3A with a term of incarceration being a minimum of 120 months and a maximum of 144 months. Further reviewing the sentencing guideline report, the Court finds that the defendant's total criminal history points was 16.5. After thorough consideration of the sentencing guidelines, the Court is rejecting their application to this case for the following factors which to this Court makes the present case more serious than the typical of case for which the guidelines are intended:
1. The offender knowingly created a risk of death or great bodily harm to more than one person. In the facts relevant to this case, the defendant put at risk the life of his unindicted co-conspirator as well as the victim not to mention the possibility of the harm resulting from the officers actions in attempting to foil the perpetration of this crime.
2. The offender used actual threats of violence in commission of this offense. The defendant was knowingly armed with a toy pistol which according to the testimony looked so much like the real thing that is [sic] was impossible to determine in fact that it was not a real firearm until the officers attempted to apprehend the defendant.
3. The defendant was the leader because unindicted co-defendant and in every respect appeared to occupy the position of organizer and initiator of this crime.
4. As stated above, the offender's record convictions for his prior criminal conduct exceeds the threshold for Class A by in excess of two points on the criminal history index.
In reviewing the range of sentencing available prior to the applicability of the sentencing guidelines, the case most closely on point is that of State v. Winzy, 562 So.2d 118 [1188] (La.App. 5 Cir.1990) wherein the Court affirmed a 40-year sentence without benefit of probation, parole or suspension of sentence on a fourth felony offender. There, as in this case, the Court noted that the defendant had a very extensive criminal record and although this defendant has not been convicted of crimes against a person, his persistent voluntary involvement with controlled dangerous substance together with his 1984 charge of simple burglary leads this Court to conclude that not only has the defendant progressively been involved in more serious crimes, but that if this Court imposes anything less than the maximum sentence allowed by law, he would continue to do so. This Court believes the defendant is in *739 need of correctional treatment in a custodial environment which could be most provided effectively by his commitment to an institution, that there is an undue risk that during a period of suspended sentence of probation defendant would commit another crime and that any lesser sentence than the maximum would deprecate the seriousness of the crime for which he is charged. Further, the Court has not been provided any factors which would warrant mitigation of the sentence and in fact an additional aggravating factor is that the defendant committed this crime while he was on active probation out of Marion County, Florida. Further, the Court fully realizes that the imposition of the maximum sentence allowed by law should be reserved for those worst offenders and the worst kinds of cases for which this Court feels the defendant qualifies.
The defendant claims that nothing in the record indicates he is the worst of offenders; thus, he should not have received the maximum sentence. He further argues:
Although classified as a fifth felony offender, McDowell had no convictions of crimes against a person, and the facts of this offense show he was carrying a toy pistol, thus posing no threat to any persons. There was conflicting testimony at trial as to whose idea it was to commit the robbery. The record also indicates that McDowell had some drug problems at the time of the offense.
The defendant argues that the factors relied upon by the trial court to depart upward from the sentencing guidelines range are invalid and do not distinguish the case from the typical case. Specifically, he urges that his possession of a toy pistol should not have been considered an aggravating factor because he should not be punished for the "possibility of harm posed by an overzealous law enforcement officers in their attempts to foil the perpetration of the crime ..." On this issue, the supreme court in State v. Green, 409 So.2d 563 (La.1982) stated the following:
The use of an inherently harmless object in a manner that creates circumstances likely to produce death or great bodily harm results in the inherently harmless object being a dangerous weapon within the provisions of LSA-R.S. 14:2(3) and 14:64.
Id. at 565. As expressed in State v. Williams, 479 So.2d 605 (La.App. 1 Cir.1985), the use of a toy pistol in a robbery could create "a highly charged atmosphere, conducive to violence, whether the pistol was loaded, workable or unworkable, or simply a toy." Id. at 607. Thus, the trial court in the present case correctly considered the defendant's use of a toy pistol as creating a risk of death or great bodily harm.
Secondly, the defendant claims that the second factor given for an upwards deviationthe offender used actual threats of violence in commission of this offenseis likewise invalid. He cites Louisiana Sentencing Guidelines 205 for the proposition that an aggravating circumstance cannot be an essential element of the crime, and the use of threats of violence is an essential element of the crime of attempted first degree robbery. However, the Louisiana Sentencing Guidelines were repealed, effective August 15, 1995, and new requirements for sentencing were added in La.Code Crim.P. art. 894.1. Citing State v. Ruiz, 96-386, 96-387 (La.App. 3 Cir. 11/6/96); 684 So.2d 48, this court stated:
[A] sentencing court's failure to consider the Sentencing Guidelines, as required at the time the defendant was sentenced, does not now warrant remand for resentencing, as the new sentencing scheme no longer requires consideration of the Guidelines. Article 894.1 now requires the trial court to `state for the record the considerations taken into account and the factual basis therefore in imposing sentence.' We find that the trial court articulated a basis for the sentence imposed, and therefore, the case should not be remanded for resentencing for failure to consider the Guidelines.
State v. Banks, 95-1210 (La.App. 3 Cir. 6/25/97); 699 So.2d 418, 422. Thus, this court should not determine whether the factors considered by the trial court violated the provisions of the Sentencing Guidelines. There is no provision in La.Code Crim.P. art. 894.1 prohibiting such a consideration.
*740 Third, the defendant maintains that the trial court erred in citing the fact that the defendant was a leader as an aggravating factor since this court stated in the defendant's original appeal that, "The testimony is conflicting, however, as to whose idea it was to commit the robbery." In its reasons for sentence, the trial court actually stated, "The defendant was the leader because unindicted co-defendant and in every respect appeared to occupy the position of organizer and initiator of this crime." The trial court did not abuse its discretion in determining facts when faced with conflicting testimony.
Finally, this court finds that the trial court did not abuse its discretion by imposing the maximum sentence. As stated by the supreme court in State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, 959, cert. denied, ___ U.S. ___, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), "The only relevant question on review ... [is] `whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" As noted by the trial court, the defendant was a fifth felony offender. According to the pre-sentence investigation, he was convicted of felony theft of military property in 1969, simple trespass in 1971, simple burglary and theft in 1978, criminal neglect of family in 1977, possession of a controlled dangerous substance (CDS) in 1981, and purchasing cocaine in 1989. He was also charged with hit and run, resisting arrest and criminal damage to property in 1975 (nolle-prossed); forgery and attempted possession of CDS in 1978 (charges rejected); simple drunk in 1981 (charge dismissed); and simple burglary and theft in 1984 (no disposition available).
In State v. Sweet, 575 So.2d 937 (La.App. 2 Cir.1991), the court upheld a maximum sentence of twenty years at hard labor without benefits for attempted first degree robbery. In upholding the sentencing, the court stated the following:
Citing the very serious nature of the offense and the substantial benefit defendant received from his plea bargain, the trial court emphasized and found as aggravating factors defendant's very significant criminal record going back to 1969 and including three prior felony convictions (burglary, 1973; forgery, 1984; and aggravated burglary, 1985), his sporadic employment history, the serious emotional trauma caused to his female convenience store victim, the potential harm threatened by use of a gun, and no justification for his conduct.
Further reviewing, but finding inapplicable, the mitigating factors (notwithstanding defendant's history of alcohol abuse), the trial judge expressly concluded defendant was the worst kind of offender, was in need of correctional treatment in a custodial environment and that any sentence other than the maximum would deprecate the seriousness of his conduct. C.Cr.P. Art. 894.1. We agree, additionally noting defendant was not multiple billed. LSA-R.S. 15:529.1. Under the facts and circumstances here presented, defendant's sentence as hereinafter amended is not excessive and does not shock our sense of justice.
Id. at 938.
Considering the defendant's prior record and the trial court's reasons for the sentence imposed, the trial court did not abuse its discretion in imposing the maximum sentence. The defendant's sentence is affirmed.
AFFIRMED.