PER CURIAM.
The defendant was convicted of simple burglary, La.R.S. 14:62, and sentenced, as a second offender, La.R.S. 15:529.1, to eighteen years at hard labor. We find no legal or factual merit to the five assignments of error perfected by him and relied upon in his appeal:
Assignments 1 and 2: The trial court denied the defendant’s motion to suppress certain oral inculpatory statements made by him at the time of his arrest. The trial court reasonably accepted, as preponderating over the defendant’s contrary version, the testimony of the two police officers that the statements were made freely and voluntarily and after proper explanation to the defendant of his Miranda rights.
Assignment 3: In the absence of objection at the time, La.C.Cr.P. art. 841, no reviewable issue is raised by the contention that the officer was allowed to testify concerning the defendant’s exercise of his non-incrimination rights, contrary to Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) and State v. Smith, 336 So.2d 867 (La.1976) (even assuming the colloquy as to the location of the burglary tools could be interpreted as such inadmissible testimony).
Assignment 4: Abandoned on appeal.
Assignments 5 and 6: The proof that the defendant is second offender meets the required standards: The penitentiary records are properly authenticated by the certificate of their custodian, La.R.S. 15:529.1, and the accused by fingerprint evidence is identified as the person therein described.
The present burglary offense was committed on June 23, 1974. It was within the requisite five years of “the expiration of *1063 the maximum sentence, or sentences, of the previous conviction,” La.R.S. 15:529.1 C:
The defendant was released from the penitentiary on September 12, 1972, at the expiration of a sentence received December 7,1965 after a counselled plea of guilty to a felony (conspiracy to commit extortion). The two year sentence then received was made consecutive to a 10-year sentence received for an armed robbery of which convicted in 1964.
Under the showing made, this consecutive sentence for the extortion conviction did not expire until 1972, thus within five years of the commission of the present burglary offense.

Decree

Accordingly, we affirm the conviction and sentence.
AFFIRMED.