ARMSTRONG, Judge.
Defendant, Melvin Jackson, Sr., was charge by bill of indictment with distribution of heroin, a violation of La.R.S. 40:966. After a trial by jury defendant was found guilty of attempted distribution of heroin and was subsequently sentenced to serve fifteen years at hard labor.
FACTS
Defendant was arrested as the result of a six-month undercover operation in New Orleans involving Officer Paul Landry, who effected controlled buys of narcotics from unsuspecting traffickers. At trial Officer Landry testified that on the evening of October 29, 1987, he purchased a tin foil packet containing heroin from the defendant while inside of a local bar in an area of the city known for narcotics trafficking. Sergeant John Evans, who supervised the operation, and Officer David Fischer acted as backups for Officer Landry and observed him enter the bar. After purchasing the heroin from defendant, Officer Landry exited the bar, entered his automobile, and drove away, radioing a description of defendant to Sergeant Evans. The officers had no intention of arresting defendant that evening as it may have jeopardized the ongoing operation. But, after getting defendant’s description, Sergeant Evans went into the bar and, on a pretense, ordered defendant to step outside. Officer Landry drove by, and communicating to Sergeant Evans over the radio, identified defendant as the one who sold him the heroin. This procedure was routinely followed to verify identification of suspects in cases such as the instant one, where Officer Landry made purchases outside the view of any police witnesses. Defendant was allowed to leave and was arrested later, after the undercover operation ended. At trial a criminalist with the New Orleans Police Department testified that the contents of the tin foil packet sold by defendant to Officer Landry tested positive for heroin.
A review of the record reveals no errors patent. On appeal defendant raises two assignments of error.
ASSIGNMENT OF ERROR NO. 1
By his first assignment of error defendant claims that the trial court erred by not granting a mistrial because of numerous prejudicial remarks by the Assistant District Attorney during her rebuttal closing argument, and/or by failing to sustain defense counsel’s objections to these remarks. Defendant argues that these alleged improper comments both singularly and cumulatively denied him a right to a fair trial. La.C.Cr.P. art. 774 limits the *602 scope of closing and rebuttal arguments and states:
“The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
“The argument shall not appeal to prejudice.
“The state’s rebuttal shall be confined to answering the argument of the defendant.”
Depending on the remark and the circumstances, La.C.Cr.P. arts. 770 and 771 allow or require, a trial court to grant a mistrial should counsel engage in improper argument. However, even if it is found that the prosecutor’s arguments contain improper remarks, an appellate court may reverse the conviction only if it is thoroughly convinced that the jury was influenced by the remarks, and that the remarks contributed to the verdict. State v. Byrne, 483 So.2d 564 (La.1986), cert. denied, Byrne v. Louisiana, 479 U.S. 871, 107 S.Ct. 243, 93 L.Ed.2d 168 (1986); State v. Carroll, 546 So.2d 1365 (La.App. 4th Cir.1989).
Defendant first complains of the following emphasized portion of a statement made by the prosecutor:
“[I] am sorry that you were here to hear [defense counsel] insult the New Orleans Police Department. Paul Landry, personally the best police officer I have ever known — ”
While it is improper for a prosecutor to comment on his personal belief in the defendant’s guilt, State v. Kaufman, 304 So.2d 300 (La.1984), it is not improper to comment on the credibility of witnesses. State v. Martin, 539 So.2d 1235 (La.1989). In the instant case, the prosecutor did not comment on her personal belief as to defendant’s guilt. Rather, she commented on her belief as to the credibility of Paul Landry. Therefore, this comment does not appear to have been improper under La.C.Cr.P. art. 774. Even if improper, it cannot be said that defendant was denied a fair trial because the comment was made. See State v. Wiley, 513 So.2d 849 (La.App. 2d Cir.1987).
The second comment complained of — emphasized in the following excerpt of the transcript — came at the end of a long discourse by the prosecutor addressing the credibility of Officer Landry. She stated:
“Why, why would Officer Landry lie about Melvin Jackson? Is there — can— can you think of any reason? ... Why take the witness stand, swear an oath, risk your ten years, your twelve years of police officer training and your reputation as an officer for this? ... Pm so glad that it was Paul Landry that bought this dosage unit of heroin from this man.”
Defendant suggests that this statement is a reference by the prosecutor to Officer Landry’s credibility based upon some personal knowledge, and her personal belief in his veracity. We see no evidence of such an inference. The comment does not appear to be improper under La.C.Cr.P. art. 774, and in no way can it be said that it deprived defendant of a fair trial.
Defendant next objects to statements by the prosecutor which he characterizes as “an attack on defense counsel’s integrity” and a “reference to [the prosecutor’s] personal resentment of defense counsel’s argument.”

“I am sorry that you were here to hear [defense counsel] insult the New Orleans Police Department.

[[Image here]]
“And me personally, and your intelligence as jurors, and I am sorry that you were here for that.
“[Defense counsel] says that I — that the New Orleans Police Department don’t care about the constitution. I am a lawyer and I swore to uphold the constitution and I am insulted and I am incensed. [Defense counsel] never mentioned how I was throwing those constitutional guarantees to the wind, though, did he, but he thought boy, the constitution sounds good, but to tell the jury — ”
The second statement was:
“[Defense counsel] is an excellent defense attorney, and I can’t argue with *603 that. I certainly can’t argue with that, and his job is to represent Mr. Jackson, and his job is to make everything that you heard today seem unimportant, or seem like a lie, or seem like a mistake, that is his job and he does it well. But it’s [sic] just because he does his job well doesn’t mean he is telling you the truth in his argument. You know what the truth is. The truth comes from here [apparently referring to the witness stand]; the truth came from Paul Landry, from Paul Landry who went out there, unarmed, unprotected,.... ”
Comments during rebuttal expressing the prosecutor’s personal resentment of statements made by defense counsel are considered improper. State v. Franklin, 449 So.2d 63 (La.App. 4th Cir.1984). However, rarely do such comments constitute reversible error. State v. Carroll, supra. This second statement refers to the evidence testified to by Officer Landry as being the true facts. Also, in general, it appears the prosecutor was emphasizing to the jury that the evidence to be considered comes from the witness, not the argument of defense counsel. However, the personal comments in this statement, as well as those complained of in the set of preceding statements, were arguably outside the scope of proper rebuttal argument. Considering the overwhelming evidence against the defendant, we are unable to say the jury was influenced by the remarks or that the remarks contributed to the verdict. State v. Byrne, supra; State v. Carroll, supra.
Defendant next objects to several statements in which the prosecutor made reference to the societal costs of drug abuse, and the jury’s sympathy for defendant.
Defendant first complains of the following italicized portion of the prosecutor’s argument:
“Or how Officer Landry has cast that constitution to the wind. [Defense counsel] urges you to send a message, suggest that you send a message to the police department and to [the District Attorney] that this is not — you won’t— you won't stand for this. I urge you to send another kind of message. I urge you to send a message to Mr. Jackson [sic] we won’t have this anymore in our neighborhoods. We won’t have this anymore right down the street from here, that’s the kind of message that I am urging you to send....”
The next statement and contextual material is as follows:
“[Defense counsel] wants you to feel sorry for Melvin Jackson because he's in an O.P.P. uniform. I say direct your sympathies to Paul Landry who was in no uniform of any kind protecting the people of this city from people like Melvin Jackson.’’
The last “statement” in this section which defendant complains of follows in italics:
“Direct your sympathies to the people [defendant] could have sold that dosage unit [of heroin] to and direct your sympathies to Paul Landry for what he went through for those six months. The man sold heroin in the city of New Orleans. [Defense counsel] wants you to send a message. I would suggest you send the message to Melvin Jackson no more heroin on the streets of New Orleans, not by you. You are guilty, you are guilty as charged. You distributed heroin in the city of New Orleans, do not do it again, you will not do it again. I ask you to return a verdict of guilty as charged.”
Defendant argues that in the italicized portions of the prosecutor’s arguments she is referring to consequences to the community if the defendant is not found guilty, and is making a blatant appeal to the emotions of the jurors. In State v. Smith, 554 So.2d 676 (La.1989), the Louisiana Supreme Court stated:
“We have repeatedly held that it is highly improper and prejudicial for a prosecutor to turn his argument to the jury into a plebiscite on crime or to refer to the consequences to society of the jury’s verdict, [citations omitted] Predictions as to the consequence of an acquittal on lawlessness in the community go *604 beyond the scope of the issues in the trial.”
Viewed in context, the “societal” statements are directed to sending a message specifically to defendant by convicting him. We do not see any overt references to the consequences to society should defendant be acquitted. Moreover, the prosecutor’s comments were clearly directed to defense counsel’s closing argument concerning the sympathy the jury should feel for defendant, and the message which it should send to the District Attorney and to the police department. Thus, it appears that the statements were within the proper scope of rebuttal argument under La.C.Cr.P. art. 774. Also, again, we are not thoroughly convinced that such statements by the prosecutor influenced the jury or contributed to the verdict, which was guilty of a lesser offense. State v. Byrne, supra; State v. Carroll, supra.
Defendant next objects to the complete following statement:
“[I] would like for you to listen every time [defense counsel] objects because that’s what he doesn’t want you to listen to. Everytime he objects is because he doesn’t want you to hear — ”
Defendant claims that this remark was an attempt by the prosecutor to tell the jury what evidence was or was not properly admissible. However, the record clearly reflects that the prosecutor was referring to defense counsel’s many objections during her closing argument. Thus, by her comment the prosecutor was informing the jury that defense counsel did not want them to hear certain parts of her argument. Argument is not evidence. Nevertheless, generally, the remark appears to have been outside the scope of proper argument under La.C.Cr.P. art. 774. We are not, however, thoroughly convinced that the remark influenced the jury or contributed to the verdict. State v. Byrne, supra; State v. Carroll, supra.
Defendant next complains about the italicized portion of the following statement:
“[Defense counsel] suggests that I feel — that I feel the constitution is an impendment [sic] to try Mr. Landry. I welcome my burden. I would no more put someone innocent in jail than I would shoot someone in the head, and I welcome my burden; .... ”
The prosecutor’s comment appears to have been an expression of her personal opinion as to the defendant’s guilt. The expression of such an opinion during closing argument is improper under La.C.Cr.P. art. 774. State v. Hamilton, 356 So.2d 1360 (La.1978); State v. Theard, 527 So.2d 393 (La.App. 4th Cir.1988). On the other hand, her reference to the State’s burden of proof could have tempered the prosecutor’s remark in such a way that the jury may have interpreted it as a comment on the burden of proving defendant’s guilt beyond a reasonable doubt. Even if the jury took it as a personal comment on the defendant’s guilt, however, considering the evidence as a whole, we are not thoroughly convinced that it influenced the jury or contributed to the verdict. State v. Byrne, supra; State v. Carroll, supra.
The last remark complained of by defendant is italicized in the following excerpt from the prosecutor’s rebuttal argument:
“How about this defendant? How about this innocent defendant who knew the term boy, who knew the term quarter, who approached Paul Landry, who asked Paul Landry are you looking for one of the boys, and is there any doubt in your mind? Recall Paul Landry’s testimony from the stand, his demeanor, his interest in the case. What did he have to gain from taking the stand, and lie, and that’s another thing, was he lying or was he mistaken? [Defense counsel] had a lot of defenses to chose [sic] from. He could have told you my man is a user not a dealer, feel sorry for him. He could have told you my man wasn’t there, and brought in all kind of witnesses to say where he was that day. He could have told you it was entrapment. Paul Landry begged him for that cocaine, for that heroin. Paul Landry begged him for that dope — ”
*605 Defendant argues that the speculation that defendant used narcotics went outside the evidence because there had been no evidence presented to that effect. It is also argued that because no evidence was offered nor any indication ever made that defendant was not at the place of the alleged transaction, it was improper for the prosecutor to imply that defendant must be guilty if he did not provide an alibi witness or was there. Finally, defendant argues that the comments focused the jury’s attention on his failure to testify.
After defendant objected to the remarks, and a discussion had between defense counsel and the court, the prosecutor continued:
“What does [defense counsel] decided [sic] to get up here and argue to you, he had his choice of arguments, and what did he choose? The police are lying, the police are mistaken. There is—this is too small, feel sorry for my defendant, don’t send him to jail for this. I don’t know what [defense counsel] wants to use as his defense but I would suggest that none of them is worth your while....”
The prosecutor made no direct reference to defendant’s failure to testify and the remark does not readily lend itself to being interpreted as having been intended to draw attention to this fact. If the defendant were the only person who could have disputed the referred to testimony—in this case the testimony of the police officers that defendant was at the bar on the evening in question—a reference to it improperly focuses the jury’s attention on the defendant’s failure to testify. State v. Latin, 412 So.2d 1357 (La.1982); State v. Wormser, 467 So.2d 58 (La.App. 4th Cir.1985), writ denied, 474 So.2d 946 (La.1985). In the instant case the prosecutor appears to have been referring indirectly to witnesses other than the defendant who may have been able to provide an alibi. In no way can it be said that defendant himself would have been the only witness who could have testified that he wasn’t at the bar that evening.
By making references to possible defenses it appears the prosecutor was simply attempting to illustrate to the jury the fragileness of the defense’s position by comparing it to these other possible defenses. While the remarks may have been outside of the scope of proper rebuttal argument under La.C.Cr.P. art. 774, we are not thoroughly convinced that they influenced the jury or contributed to the verdict. State v. Byrne, supra; State v. Carroll, supra.
Considering the comments complained of alone, and cumulatively, we are unable to say that we are thoroughly convinced that the jury was influenced by the comments, or that the comments contributed to the verdict. We find no merit to defendant's claim that the failure of the trial court to admonish the jury or grant a mistrial because of any of these comments, alone or cumulatively, was reversible error.
ASSIGNMENT OF ERROR NO. 2
By his second assignment of error defendant argues that the trial court erred in failing to sustain defense counsel’s objections to “improper, irrelevant and immaterial testimony.” Officer Landry was being cross-examined by defense counsel about his method of keeping track of persons whom he purchased drugs from— things that distinguished one case from another. Officer Landry stated that he did not take notes on each case and then gave an example of a peculiarity about defendant which helped him to remember him. He said;
“Like I said, for instance, Melvin Jackson, I encountered real quiet, soft spoken, and I, you know, I just felt bad vibrations about him that he is not the type of person I want to really push or I don’t want him to push me.”
At this point defense counsel objected to the answer as being non-responsive. The trial court instructed the witness to “stay within the subject matter.” Officer Landry then continued and explained that he remembered and distinguished each seller based upon individual characteristics. Later, during the prosecutor’s re-direct examination of Officer Landry she specifically questioned him as to what he had meant *606 when he said that he didn’t want to take defendant “lightly.” Officer Landry answered, saying that he had “bad vibrations” from the quiet, soft spoken defendant, whose voice he characterized as “that Godfather type.” Defense counsel objected and asked for a mistrial. The trial court overruled the objection and denied the motion for mistrial. Subsequently, the prosecutor asked the same question and Officer Landry again referred to “bad vibrations” etc.
Defendant cites the question and answer on re-direct and claims the trial court erred in failing to sustain his objection. The testimony by Officer Landry elicited during defense-counsel’s cross-examination appears to have been relevant to the issue of his identification of defendant, and responsive to defense counsel’s question. In the second instance, however, it appeared that the prosecutor was seeking to elicit the response to reflect poorly on the defendant —i.e., he was a sinister “Godfather” type, or was a bad person because Officer Landry felt “bad vibrations” around him.
Defendant argues and cites jurisprudence holding that a witness may only testify to facts within his own knowledge and cannot speculate as to any impression he may have. This argument is somewhat misplaced as it seems applicable to instances in which a witness is testifying to a conclusion or impression drawn from observations. Here, Officer Landry was not testifying to a conclusion or impression that defendant was in fact a “Godfather type,” rather, only that his voice sounded like this; in other words, Officer Landry was merely testifying to an observation. Such testimony would not be prohibited by the rule cited by defendant.
It does appear that the testimony may have been objectionable on the ground of relevancy — it was irrelevant. A trial court has much discretion in controlling the examination of witnesses and its ruling on such should not be disturbed absent an abuse of discretion. State v. Casimier, 454 So.2d 1199 (La.App. 4th Cir.1984). The testimony complained of was cumulative of testimony elicited on defense counsel’s cross-examination of Officer Landry, and therefore, cannot be said to have prejudiced the defendant. Because of this, the trial court’s overruling of an otherwise valid objection to the comments would not have been an abuse of its broad discretion in this area. We find no merit to this last assignment of error.
For the foregoing reasons we affirm defendant’s conviction and sentence.
AFFIRMED.